UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES P. AUTULLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2209-CSB-DGB |
| | ) |
| DEREK HAGEN, LISA MADIGAN, | ) |
| RON BRANDENBURG, GORDON L. | ) |
| LUSTFELDT, JOHN DOE DOCTOR # 1, | ) |
| and JOHN DOE DOCTOR # 2, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff James P. Autullo's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Autullo has filed the instant suit against Sheriff Derek Hagen, Illinois Attorney General Lisa Madigan, Ron Brandenburg, Judge Gordon Lustfeldt, and two unnamed doctors alleging a host of claims against each Defendant.

As for his claim against Attorney General Madigan, Autullo's Complaint fails to state a cause of action upon which relief can be granted. Autullo claims that Madigan engaged in a conspiracy with others to deprive him of his rights.

However, Madigan's failure to respond to a Freedom of Information Act request (as he alleges) does not constitute a substantial action in completion of the conspiracy. Indeed, Autullo does not describe or explain the nature of the conspiracy that any of the alleged co-conspirators joined, nor does he describe the conspiracy's purpose. *United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 856 (7th

2

Cir. 2013)("Proof of a conspiracy within the scope of RICO requires a showing that: (1) the defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) the defendant further agreed that someone would commit at least two predicate acts to accomplish those goals.") (internal quotations omitted); *Trodden, Inc. v. J & E Auto Enter., Ltd.*, 2014 WL 1117028, * 6 (Ill .App. Ct. Mar. 19, 2014)("The elements of civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act."). Accordingly, Autullo's conspiracy claim and Attorney General Madigan are dismissed.

As for his claims against Judge Lustfeldt and Brandenburg, Autullo's claims are barred by the United States Supreme Court's holdings in *Heck v. Humphrey*, 512 U.S. 477 (1994), and in *Edwards v. Balisok*, 520 U.S. 641 (1997). The majority of Autullo's Complaint attacks the sentence imposed by Judge Lustfeldt and contains his allegations that he is entitled to certain good time credit. Autullo alleges that Lustfeldt and Brandenburg have deprived him of his due process rights by keeping him incarcerated for longer than appropriate based upon the improper sentence.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim. *Id*. at 487. Similarly, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good time credits" are not cognizable under § 1983 unless the prison disciplinary decision has been invalidated. *Edwards*, 520 U.S. at 646-48.

3

Here, Autullo makes a direct attack upon his sentence and the terms of his confinement, but he has not alleged that his sentence has been invalidated or expunged. A suit brought under § 1983 is not a proper vehicle in which to challenge a sentence. *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998)("Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of custody.'"); *Conway v. Cowell*, 2012 WL 1390178, * 3 (S.D. Ill. Apr. 20, 2012)("the Court cannot entertain a prisoner's collateral attack in the form of a suit under Section 1983 on a prison sentence that has not been expunged or invalidated."). Accordingly, Autullo's Complaint fails to state a due process claim and fails to state a cause of action against Lustfeldt and Brandenburg.

That leaves Autullo's claims against Sheriff Hagen and the two un-named doctors. As for his claims against the doctors, the Court finds that Autullo has stated a cause of action against them. Autullo asserts that these doctors knowingly refused to follow other doctor's orders regarding his treatment and prescribed medications and that these doctors knowingly gave him medication to which he was allergic. These allegations are sufficient to state a deliberate indifference cause of action. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)("In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was objectively, sufficiently serious and (2) that the prison officials acted with a sufficiently culpable state of mind.")(internal quotations omitted).

Similarly, Autullo's Complaint states a cause of action against Sheriff Hagen for deliberate indifference to a serious medical need. According to Autullo, Sheriff Hagen knew that Autullo had broken his hand, but Sheriff Hagen refused to obtain medical treatment for him for eleven days. This allegation is sufficient to state a cause of action against Sheriff Hagen for deliberate indifference.

Autullo has also stated a cause of action against Sheriff Hagen based upon the conditions of his confinement.[1] Autullo alleges that he was subjected to frigid temperatures and was without water in his cell for fifteen days. Autullo will need to produce evidence that Sheriff Hagen knew of and disregarded an excessive risk to Autullo's health or safety; he must demonstrate that Sheriff Hagen was both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists; and he show that Sheriff Hagen drew the inference in order for Autullo to prevail on this claim. *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). In addition, Autullo must produce facts establishing that the temperatures were so cold that it went beyond human decency and that the deprivation of water in his cell—as opposed to the availability of water elsewhere—constituted cruel and unusual punishment. *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989)(prisoner stated a claim where his requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with feces and was without running water).

Finally, Autullo's First Amendment claim fails. Autullo alleges that Sheriff Hagen retaliated against him for filing grievances. However, Autullo fails to explain the basis of his grievance, the response, and how Sheriff Hagen allegedly retaliated against him. Accordingly, Autullo's First Amendment claim fails to state a cause of action upon which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a deliberate indifference claim against John Doe Doctor # 1 and John Doe Doctor # 2, a deliberate indifference claim against Derek Hagen, and a conditions of

---

[1] Because Autullo was a pretrial detainee at the relevant time, his claim arises under the Fourteenth Amendment rather than the Eighth Amendment.

confinement claim against Derek Hagen. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    The Court finds that Plaintiff's Complaint against Defendants Lisa Madigan, Ron Brandenburg, and Gordon Lustfeldt fails to state a cause of action upon which relief can be granted, and the Clerk of Court is directed to dismiss these Defendants from this case.

    3.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

    4.    The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5.    If a Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ordered that the Clerk is directed to: (1) attempt service on Defendant Derek Hagen pursuant to the standard procedures; (2) set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines; and (3) dismiss Lisa Madigan, Ron Brandenburg, and Gordon Lustfeldt as party Defendants.**

**Lastly, it is Ordered that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to**

**effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 17th day of June 2014.

      /s Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE